**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAMUEL P. JONES, | : | CIVIL NO. 3:15-CV-0680 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SGT. BROUSE, DEPUTY WARDEN BRYAN WEARY, | : | |
| | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Plaintiff Samuel P. Jones ("Jones" or "plaintiff"), at all times relevant an inmate incarcerated at the Northumberland County Jail, commenced this civil rights action on April 7, 2015. (Doc. 1). Named as Defendants are Sergeant Krista Brouse ("Brouse") and Deputy Warden Brian Wheary ("Wheary"). Presently pending is defendants' motion (Doc. 15) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, defendants' motion will be deemed unopposed and will be granted.

**I.   Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**II.     Allegations of the Complaint**

According to a criminal complaint filed in Northumberland County, Sunbury, Pennsylvania, on April 15, 2015, Jones was allegedly the victim of an indecent assault and harassment, that took place on or about September 5, 2014, during his incarceration at the Northumberland County Prison.  (Doc. 15-2, pp. 2-7).  Based on the alleged sexual assault Jones alleges as follows:

> I want to get $75,000 from each defendant for clearly knowing that I was sexually assaulted and made a cry for help and they did nothing but move the inmate to another block and then bringing him back later to put my life in danger again.
>
> They didn't check me for any signs of diseases or anything.  They didn't even listen to how I was feeling.  I couldn't sleep anymore after the incident and I still have struggles sleeping throughly [sic] through the night.
>
> They took no action in doing what I wanted done they just let it go as soon as I wanted to press charges against the offender.  They violated my rights by letting him stay on the block with me 2 weeks later even though I requested him to be away from me.

(Doc. 1, pp. 3-4).  He alleges that defendant Brouse "is responsible for unit safety and well-being of all inmates on the unit," and that defendant Wheary "breached his duties by not asking [him] what he wanted done and ignoring [his] requests/grievances for the Sgt. Brouse not doing there [sic] jobs right after the offense happened and [he] wanted stuff done. [Wheary] also ignored [his] cry for help."  (Id. at 2-3).

**III.    Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

Jones seeks to impose liability on defendant Wheary based solely on his role as a supervisory official. Such allegations are insufficient to establish personal involvement. Plaintiff fails to set forth specific instances of constitutional misconduct and does not allege that Wheary knew of, and acquiesced in, or played an affirmative part in, the alleged

4

underlying unconstitutional conduct.

Jones fares no better in alleging that his rights were violated as a result of the manner in which his complaints were handled by Wheary. A state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. See Rode, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006); see also Croom v. Wagner, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (finding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corr, No. 06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). The motion to dismiss will be granted with respect to defendant Wheary.

The complaint will also be dismissed as to defendant Brouse. Jones clearly fails to state a failure to protect claim. The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. Rather, when an inmate brings a claim for failure to prevent harm, he must show:  1) that he is incarcerated under conditions posing a substantial risk of

serious harm; and (2) the prison official acted with deliberate indifference to inmate health or safety. Id. (citations omitted). An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.  After a prisoner makes a *prima facie* demonstration of deliberate indifference, an official can rebut the allegation "either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Jones fails to allege that Brouse was aware of any risk to his health or safety prior to the assault and it is clear from the complaint that the assailant was separated from Jones after the incident.

Jones also alleges that Brouse was deliberately indifferent because, a few weeks after the assault, she allowed he and his alleged assailant to be housed on the same block. However, this claim fails for the basic reason that a failure to protect claim cannot proceed in the absence of a serious injury. See Matthews v. Villella, 381 F. App'x 137, 139 (3d Cir. 2010) (affirming district court's dismissal of failure to protect claim, finding that the plaintiff's "alleged injuries do not rise to the level of 'serious harm,' and he has not alleged a 'pervasive risk of harm' from this single incident"); Jones v. Pugh, Civ. No. 10-0359, 2011 WL 5244422, at *13 (M.D.Pa. Oct. 6, 2011) (finding that the plaintiff "had not met either the objective or subjective element of a failure to protect claim . . . since the evidence shows that the alleged single push by [the defendant] and [the plaintiff's] injury were only minor");

6

Knauss v. Shannon, Civil No. 08-1698, 2010 WL 569829, at *14 (M.D.Pa. Feb. 12, 2010) (granting summary judgment after finding that the plaintiff had "not demonstrated a substantial risk of serious harm because . . . the force used and injury sustained were minor"). Jones did not suffer a serious injury in that he suffered no injury at all. Based on the above, the failure to protect claim is subject to dismissal. See Farmer, 511 U.S. at 834.

### IV. Leave to Amend

When the complaint fails to present a *prima facie* case of liability courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Darr v. Wolfe, 767 F.2d 79, 80–81 (3d Cir. 1985); Kauffman v. Moss, 420 F.2d 1270, 1276 (3d Cir.1 970); I–Keim Smith v. Lt. J. Price, No. 11–1581, 2012 WL 1068159, at *5 (M.D.Pa. Mar. 5, 2012). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Because plaintiff has failed to oppose the motion to dismiss, granting leave to amend would be futile.

### V. Conclusion

Based on the foregoing, defendants' motion (Doc. 15) to dismiss will granted. An

7

appropriate order will enter.

**BY THE COURT:**

<u>**s/James M. Munley**</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:   March 30, 2016